# HATHAWAY *v.* COLMAN.

---

PATENTS; INTERFERENCE; APPEALS; JURISDICTION.

1. In an interference, in which no testimony is taken, involving the right of one of the parties to make the claims of the issue, which relate to a complicated mechanism, concurrent decisions of the Patent Office sustaining his right to make such claims will be followed by this court in the absence of manifest error. (Following *Podlesack* v. *McInnerney,* 26 App. D. C. 405; *United States ex rel. Newcomb Motor Co.* v. *Moore,* 30 App. D. C. 464; *Lindmark* v. *Hodgkinson,* 31 App. D. C. 612.)

2. This court has no jurisdiction in an interference to determine the question of the patentability of the claims of the issue. (Following *Lecroix* v. *Tyberg,* 33 App. D. C. 586; *Gold* v. *Gold,* 34 App.

D. C. 229; *Norling* v. *Hayes*, 37 App. D. C. 169; *Slingluff* v. *Sweet*, 45 App. D. C. 302.)

No. 1049.  Patent Appeals.  Submitted November 15, 1916.  Decided February 5, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.        *Affirmed.*

The facts are stated in the opinion.

*Mr. I. U. Townsend, Mr. W. G. Johnson,* and *Messrs. Emery & Booth* for the appellants.

*Mr. L. L. Miller, Mr. Lincoln B. Smith,* and *Messrs. Bacon & Milans* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of the Patent Office in an interference proceeding awarding priority of invention to the appellee, Howard D. Colman, no testimony having been taken by either party.

The subject-matter of the interference is a transfer truck for transferring the harness and other elements used in a loom to or from a warp-drawing machine, and is expressed in five counts, of which we reproduce the 1st, 2d, and 4th:

"1. The combination with a warp-drawing machine having harness-supporting devices of a movable transfer device having movable harness supports for holding one or more harnesses, said supports being adapted to be brought into co-operative relation to the supporting devices on the machine to permit the transference of the harnesses from one machine to the other.

"2. The combination with a warp-drawing machine having supporting devices for loom elements of a transfer device having means for supporting loom elements thereon, said supporting means being adapted to be brought into co-operative relation with the supporting devices on the warp-drawing machine

to permit the transference of said loom elements from one machine to the other, and means for guiding said transfer device into the required relation with said machine to permit said transference."

"4. The combination with a warp-drawing machine having means for supporting a plurality of harnesses and a reed thereon in a generally parallel but separated arrangement, of a loading or unloading device comprising a movable support and means thereon for holding the harnesses and reed, said device being adapted to be brought into co-operative relation with said warp-drawing machine to permit the transference of said harnesses and reed from one machine to the other."

Upon the declaration of the interference appellants, Edgar F. Hathaway and Charles Lea, filed a motion for dissolution, the grounds of the motion being that Colman has no right to make counts 1, 2, and 4, and that all the counts are unpatentable in view of the prior art. This motion came on to be heard before the Law Examiner, whose ruling was adverse to appellants as to both questions. Thereupon appellants filed a motion with the Examiner of Interferences to shift the burden of proof, upon the ground that Colman's earlier application (No. 217,-250), of which the present is a division, does not disclose the invention. This motion was denied and in due course priority was awarded Colman, as appellants took no testimony and their date of conception was later than Colman's filing date. Appeal then was taken to the Examiners in Chief, where Colman's right to make claims 1, 2, and 4 and the patentability of all the claims again were challenged. The Board dismissed the appeal as to the second ground, ruling that it was not germane to the question of priority, and affirmed the decision of the Examiner as to the first. On appeal to the Assistant Commissioner the decision was affirmed.

The claims here involved relate to a complicated mechanism and appellee's right to make them has been sustained by four tribunals of the Patent Office. No testimony has been taken, and yet we are asked to reverse these concurrent decisions. To warrant such action manifest error must appear. *Podlesack* v.

*McInnerney,* 26 App. D. C. 405; *United States ex rel. New-Comb Motor Co.* v. *Moore,* 30 App. D. C. 464; *Lindmark* v. *Hodgkinson,* 31 App. D. C. 612. It is enough to say that we perceive no error in the conclusion reached.

Appellants in their brief contend that all the claims of the issue are unpatentable, and earnestly request us to consider the question. We have repeatedly directed attention to the fact that our jurisdiction in appeals from the Patent Office is purely statutory. We have further ruled that in an interference proceeding we are without jurisdiction to determine the question of patentability. *Lecroix* v. *Tyberg,* 33 App. D. C. 586; *Gold* v. *Gold,* 34 App. D. C. 229; *Norling* v. *Hayes,* 37 App. D. C. 169; *Slingluff* v. *Sweet,* 45 App. D. C. 302. We see no reason to modify the views expressed in the above cases.

The decision of the Patent Office is therefore affirmed.

*Affirmed.*

Mr. Justice GOULD, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal, in the place of Mr. Chief Justice SHEPARD.